IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ISIDRO R. HERRERA,**

        Plaintiff,

vs.

                                                                                                                 No. CIV 1:97-821 SC/LCS

**KENNETH S. APFEL,**
**Commissioner of Social Security[1],**

        Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

### NOTICE

Within ten days after a party receives a copy of these Proposed Findings and

Recommended Disposition that party may, pursuant to 28 U.S.C. § 636(b)(1), file written

objections to such Proposed Findings and Recommended Disposition. A party must file any

objections within the time period allowed if that party desires review by the district court. In the

absence of timely-filed objections, no review will be conducted.

Plaintiff Isidro R. Herrera ("Herrera") invokes this Court's jurisdiction under 42 U.S.C. §

405(g), seeking judicial review of a final decision of the Commissioner of Health and Human

Services ("Commissioner"). The Commissioner determined that Herrera is not eligible for either

disability insurance benefits or for Supplemental Security Income (SSI) benefits. Herrera now

moves this Court for an order to reverse the administrative decision.

---

[1] Kenneth S. Apfel was sworn in as Commissioner of Social Security on September 29, 1997. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Kenneth S. Apfel should be substituted for Acting Commissioner John J. Callahan as the defendant in this suit.

### A. Facts

Herrera alleges disability due to a back condition, hip condition, and arm injuries. At the time of the hearing before the Administrative Law Judge ("ALJ"), Herrera was fifty-four years old. Transcript of record of administrative proceedings ("Tr.") at 129. He has a twelfth grade education and vocational training certificate in drafting. *Id*. Herrera's past relevant work was as a draftsman, truck driver and cabinet maker. *Id*. He has not engaged in substantial gainful activity since December, 1994. (Tr. At 16). His last substantial gainful activity was subcontracting as a cabinet maker, but he said that because of his pain and injuries he could not consistently perform the work, and had to have hired help to fill in. Because of this, he was unable to finish jobs quickly enough and consistently lost out on jobs. (Tr. at 88, 135).

Herrera had sought treatment for back problems for several years. He has degenerative disc disease at L5-S1 with mild bulges at L3-4 and L4-5. He has mild narrowing in the cervical spine. He had an arthrotomy of the left hip in 1991. In 1995, he tore the rotator cuff muscle in his left shoulder, and because of his financial difficulties, did not have it surgically repaired. He also had a calcified mass in his right biceps, apparently from an earlier injury.

Herrera testified that he can neither sit nor stand still for longer than 15-30 minutes. He stated that he is able to light yard work, and light maintenance on his car and his house, and that he can drive a car for about 30-45 minutes at a time, though he has to take frequent breaks during the day to lie down, stretch, or walk around because of his back pain. He is able to walk for perhaps 30-45 minutes at a time, and can go fishing. (Tr. at 17, 81, 135-140.)

After holding an administrative hearing, the ALJ found that Herrera was not disabled at step four of the sequential evaluation process. *See Williams v. Bowen*, 844 F.2d 748, 750-52

(10th Cir. 1988) (discussing five-step evaluation process for determining disability). Specifically, the ALJ determined that Herrera had a residual functional capacity for performing light work, which did not preclude him from returning to his past relevant work as a cabinet maker. (Tr. at 18). Because of the level of Herrera's current activities, the ALJ discounted his claims of disabling pain, finding that he could perform a wide range of work which requires lifting 30 to 40 pounds and brief periods of alternating sitting and standing or walking. *Id.* The ALJ noted that while Herrera had suffered from chronic back pain for many years, he had nevertheless been able to perform significant work activities despite the pain, and that this past work as a cabinet maker did not entail any functional demands beyond what he testified he was still capable of doing based upon his current activities. *Id*. Accordingly, the ALJ found Herrera not disabled at step 4 of the sequential evaluation process, and denied his claim. This became the final decision of the Commissioner on May 30, 1996. (Tr. at 3-4).

**B.     Standard of Review**

This Court reviews the Commissioner's decision to determine whether his findings are supported by substantial evidence and whether he applied the appropriate legal standards. *Washington v. Shalala,* 37 F.3d 1437, 1439 (10th Cir. 1994).

**C.     Analysis**

In his briefs, Herrera claims that there is not substantial evidence that he had the residual functional capacity to return to his former job as a cabinet maker. He argues that in making this determination the ALJ improperly discounted his testimony of pain, improperly discounted his treating physician's statement that he was disabled, and improperly discounted his additional arm impairment.

The ALJ discounted Herrera's claim that his pain was disabling because it was inconsistent with his testimony about his daily activities. (Tr. at 17). From the record, it is not possible for this Court to determine whether the ALJ applied the appropriate legal standard in making this determination. As was held in *Walston v. Gardner,* 381 F.2d 580, 586 (6th Cir. 1967):

> The fact that appellant can still perform simple functions, such as driving, grocery shopping, dish washing and floor sweeping, does not necessarily indicate that [he] possesses an ability to engage in substantial gainful activity. Such activity is intermittent and not continuous, and is done in spite of the pain suffered by appellant. A man is disabled within the meaning of the Act, if he can engage in substantial gainful activity only by enduring great pain.

While this Court does not second guess the ALJ's determination that Herrera's pain is not so great that it completely precludes his performing the tasks of a cabinet maker, that is not the end of the step four analysis. The proper legal standard is whether the Plaintiff can perform his work at a sufficiently rapid and steady pace so as to constitute substantial gainful activity. *See McCoy v. Schweiker,* 683 F.2d 1138 (8th Cir. 1982); *see also Calandro v. Bowen*, 697 F.Supp. 423 (D.Wyo. 1988); *Jozefowicz v. Heckler*, 811 F.2d 1352 (10th Cir. 1987). In the present case, Herrera testified that he was unable to get cabinet making work because of his slowness and the frequent necessity of delegating work to his hired help because of his pain. This testimony is not inconsistent with his testimony of being able to work intermittently his around house. As the ALJ's opinion does not indicate that he considered whether Herrera had the residual functional capacity to perform the tasks of a cabinet maker at the level generally required by employers in the national economy, see SSR 82-61, or at least sufficiently rapidly and steadily to be compensated at a substantially gainful level, this Court cannot determine that the ALJ applied the proper step four legal standard to the Plaintiff's testimony.

4

Since Herrera's current level of activity is not sufficient evidence by itself to find that he is not disabled at step four, it is necessary to see if other evidence in the record supports the ALJ's determination. The opinion of Dr. Gale, upon which the ALJ relied in part, was that "Mr. Herrera's claim to be unable to perform work requiring long sitting or standing in reasonable comfort is legitimate. On the other hand, he might be able to perform a job which permits or even requires brief periods of sitting, alternating with activity on his feet, standing or walking." (Tr. at 150). Unfortunately, this testimony also leaves open the question whether Plaintiff could perform the everyday work of a cabinet maker, as generally required by employers throughout the national economy, or that he could perform the tasks sufficiently rapidly and steadily to constitute substantial gainful activity, even with those restrictions.

Since the ALJ's opinion does not indicate that this legal standard was applied, I recommend that this case be remanded to the Commissioner to determine, and state explicitly, whether the Plaintiff possesses the capacity to perform cabinet making either at the day to day level required by employers, or at a level which would be considered "substantial gainful activity".

In recommending remand, I do not ignore that Herrera asked only for outright reversal of the Commissioner's decision. However, while a District Court reviewing the Commissioner's determinations pursuant to Sec. 405(g) has discretion to reverse or remand when it finds that the record lacks substantial evidence to rebut a Claimant's *prima-facie* case at step four, *Livingston v. Califano*, 614 F.2d 342 (2d Cir. 1980), ordinarily, it remands. *Look v. Heckler*, 775 F.2d 192 (7th Cir. 1985). In my review of the record, even considering Herrera's other contentions, I do not find such compelling evidence of disability that outright reversal is appropriate.

**D. Recommended Disposition**

For the above reasons I recommend remanding this case to the Commissioner to determine whether the Plaintiff has the residual functional capacity to perform his prior employment as a cabinet maker at either the level generally required by employers in the national economy, or at a level constituting substantial gainful activity.

_____
LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE